Case No. **DR18CV0046**

FILED
JUL 12 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

IN THE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

DEL RIO DIVISION

---

CRISTOBAL VELASQUEZ
Petitioner,

vs.

UNITED STATES OF AMERICA
Respondent.

---

Motion to Vacate, Correct or Set Aside Sentence
Pursuant to 28 U.S.C. § 2255
Ref. Case No. 2:11-CR-01781-AM-3

---

Verified Petition

Cristobal Velasquez, Pro-Se
Reg. No. 83734-280
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot, Kentucky 42635

PETITIONER'S OPENING BRIEF

# INTRODUCTION

Now Comes the petitioner, CRISTOBAL VELASQUEZ, pro-se, and herein files this Motion to Vacate, Correct or Set Aside Sentence in accordance with 28 USC § 2255, asking this Honorable Court to vacate his conviction and sentence becausse this petitioner received ineffective assistance of counsel, for all of the reasons as set forth herein.

# ISSUES PRESENTED

BOTH TRIAL AND APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE FACT THAT THE TEXAS MURDER STATUTE IS BROADER THAN "GENERIC MURDER" UNDER 18 USC § 1959, AND THEREFORE, UNDER THE CATEGORICAL APPROACH, IT CANNOT BE USED TO TO SUPPORT A VICAR CONVICTION.

# STATEMENT OF THE CASE

On September 28, 2011, a grand jury indicted petitioner on three counts, for the offenses of Conspiracy to Commit Murder in Aide of Racketeering in violation of Title 18, United States Code, Section 1959(a)(5), and Murder in Aid of Racketeering in violation of 18 USC § 1959(a)(1)-(2), and Conspiracy to violate RICO, in violation of 18 USC § 1962(d).

Petitioner elected to go to trial, and after that trial, the jury convicted petitioner on all three counts. Then, on November 30, 2015, the district court sentenced petitioner to a term of life on Counts One and Four, and 120 months on Count Three.

Petitioner filed a timely appeal, and on January 30, 2018, the Fifth Circuit affirmed the conviction and sentence.

# ARGUMENT

BOTH TRIAL AND APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE FACT THAT THE TEXAS MURDER STATUTE IS BROADER THAN "GENERIC MURDER" UNDER 18 USC § 1959, AND THEREFORE, UNDER THE CATEGORICAL APPROACH, IT CANNOT BE USED TO SUPPORT A VICAR CONVICTION.

Because this is a claim of ineffective assistance of counsel, this court must look to the Supreme Court's decision in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). There, the Court made several points perfectly clear that are relevant here. Those points are:

1. The right to counsel is the right to effective assistance of counsel.
2. The Sixth Amendment right to counsel exist, and is needed, in order to protect the fundamental right to a fair trial, since access to counsel's skill and knowledge is necessary to accord the defendant the ample opportunity to meet the case of the prosecution to which he is entitled.

- 1 -

And because of the above, the Court ruled that:

3. Counsel can deprive a defendant of the right to effective assistance of counsel <u>simply by failing to render adequate legal assistance.</u>

Additionally, each claim of ineffective assistance of counsel is subject to a now familiar two part test. First, a petitioner must show that counsel's preformance was deficient, and Second, that the deficient performance prejudiced the defense.

The Supreme Court has made it clear that the test for prejudice resulting from ineffective assistance of counsel requires that the defendant show that there is a **reasonable probability** that, but for counsel's inprofessional errors, the result of the proceeding would have been different. See <u>Strickland</u>. But, the Court has also made it clear that a petitioner does not have to prove that but for his counsel's errors the result of the proceedings "would have" been different. Instead, a petitioner only has to show that there is a <u>reasonable probability</u> of a different result. Which, the Court has explained is "less than a probability." See <u>United States v. Domigguez-Benitez</u>, 542 U.S. 74, 83 n.9, 124 S. Ct. 2333, 159 L. Ed 2d 157 (2004).

In this case, petitioner was charged in Count Three with Conspiracy to Commit Murder in Aid of Racketeering. The indictment reads as follows:

> "On or about December 25, 2005, in the Western District of Texas, as consideration for a promise and an agreement to pay, anything of pecuniary value from the Texas Syndicate, and for the purpose of gaining entrance to and increasing position in the Texas Syndicate, an enterprise engaged in racketeering activity, CRISTOBAL VELASQUEZ, a/k/a/ "Little Cris," .... MIKE CASSIANO and others known and unknown, did conspire to murder Jose Guadalupe De la Garza, in violation of Texas Penal Code, Section 19.02 and 15.02. All in violation of Title 18, United States Code, Section 1959(a)(5).

Petitioner was also charged with Murder in Aid of Racketeering in Count Four:

> "On or about December 25, 2005, in the Western District of Texas, as consideration for the receipt of, and as consideration for a promise and an agreement to pay, anything of pecunary value from the Texas Syndicate, and for the purpose of gaining entrance to and maintaining and increasing position in the Texas Syndicate, an enterprise engaged in racketeering activity, CRISTOBAL VELASQUEZ, a/k/a "Little Cris," and others known and unknown, murdered Jose Guadalupe De la Garza, in violation of Texas Penal Code, Section 19.02 and 15.02. All in violation of Title 18, United Strates code, Section 1959(a)(1) and 2."

The problem is that the term "murder" is not defined in § 1959. But the term "murder" is a term of art from common-law, and should be given the same meaning that it has at common law. This fact was clearly explained by the High Court in <u>Carter v. United States</u>, 120 S. Ct. 2159 (2000). There, the Court stated that:

> "Where Congress borrows terms of art in which are accumulated the legal tradition and meaning of centries of practice it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed. In such cases, absent contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them." (quoting Morrissete v. United Sattes, 342 U.S. at 236, 96 L. Ed 288, 72 S. Ct. 240 (1952).

> In other words, a "cluster of ideas" from the common-law should be imported into statutory text only when congress employs a common-law term, and not when... congress simply describes an offense analogous to a common-law crime without using common-law terms.

In the case of § 1959 Congress actually wrote the common-law term "murder: in the statute. Section 1959 reads as follows:

> "(a) Whoever, as consideration for the receipt of, or in consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, **murders**, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any state or the United States, or attempts or conspires so to do, shall be punished --
>
>   (1) for **murder**, by death or life improsonment, ..."

Because of the above, the full "cluster of ideas" associated with common law murder must be imported into § 1959. The Supreme Court has explained the full scope of common-law murder in Schad v. Arizona, 501 U.S. 624, 111 S. Ct. 2491, 2501-02, 115 L. ed 2d 555 (1991):

> "At common law, murder was defined as unlawful killing of another human being with "malice aforethough." The intent to kill and the intent to commit a felony were alternative aspects of the single concept of "malice aforethough." ... Statutes have in most cases retained premeditated murder and some form of felony murder (invariably including murder committed in perpetrating or attempting to perpetrate a robbery) as alternative means of satisfying the mental state that first degree murder presupposes. In United States v. Browner, 889 F.2d 549 (5th Cir. 1989), the Fifth Circuit noted that "The common-law also recognized a fourth variety of malice, known as the "felony murder rule.' Some aspects of this traditional rule survive in the provisions of the federal statute evaluating the seriousness of the murder committed in the course of certain felonies. See 18 USC § 1111(a)." Id. at 552 n.2 (citation omitted). Judge McGurn's charge that a "killing is done with malice aforthough ... if it results from the perpetration of ... a robbery" was correct."

Now with the above in mind, the indictment simply charged that petitioner had committed "murder" in violation of Texas Penal Code 19.02, but failes to give a subsection.

- 3 -

The failure to state a subsection is important because Texas Penal Code 19.02 is divisible, and not all subsections of that statute correspond to either the common-law/generic definition of "murder", or to 18 U.S.C. § 1111(a). This is because under Texas Law, a person commits murder or attempts murder if he:

(1) intentionally or knowingly causes the death of an individual;

(2) Intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

(3) Commits or attempts to commit a felony, other than manslaughter, and in furtherence of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Section 19.02(b)(2) of the Texas Statute does not correspond to generic murder, and therefore, cannot support a conviction under § 1959 because it is not a categorical match with generic murder. Again, as the Fifth Circuit noted in Browner, 889 F.2d 549 (5th Cir. 1989), common law murder was codified in 18 USC § 1111, but § 1111 does not cover murder committed in the course of committing "any" crime, as the Fifth Circuit explained in Browner, 889 F.2d 549, it only covers "murder committed in the course of "certain" felonies." Id. Those particular felonies are set forth in § 1111, which reads as follows:

"(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perprtrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to per petrate, and arson, escape, murder, kidnaping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and miliciously to effect the death of any human being other than who is killed, is murder in the first degree.

Texas Penal Code 19.02(b)(2) does not correspond to any of the crimes listed under § 1111. We must assume that the indictment references Texas Penal Code § 19.02(b)(2) simply because that is what is required by the categorical approach as fully explained below.

### Application of the Categorical Approach:

The first step is to determine the generic definition of the enumerated offense. See Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143 (1990). Then we must use the "categorical approach" to compare the statute under which the defendant was convicted to the generic offense. Id. at 599-602, 110 S. Ct. at 2158-60. In doing that, the court must look to the elements of the statute only, and not to the underlying

- 4 -

facts of the offense. If the statute's elements are the same or narrower than those in the generic definition, the statutory offense qualifies. Taylor, 495 U.S. at 599, 110 S. Ct. at 2158; Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed 2d 438 (2013).

A conviction cannot categorically qualify as a predicate offense if the conviction was for violating a statute that is broader than the generic definition of the enumerated offense. Descamps, 133 S. Ct. at 2283. If that is the situation, the court must decide whether it is appropriate to use what is called the "modified categorical approach" and look at "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis v. United States, 579 U.S. ___ , 136 S. Ct. 2243, 2249, 195 L. Ed 2d 604 (2016). It is only appropriate to use the modified categorical approach if the statute at issue is a "divisible." statute, or "comprises multiple, alternative versions of the crime." See Descamps, 133 S. Ct. at 2284; accord Descamps, 136 S. Ct. at 2249. If, after employing the modified categorical approach, it still cannot be determined what particular section of a statute a defendant conviction rest, the court must look to the "least culpable conduct" penalized by the statute. See United States v. Amaya, 576 F. Appx. 416 (5th Cir. 2014). If the least culpable conduct is broader, and therefore not a categorical match to the generic offense, then that offense cannot be used in place of the generic offense.

In this case none of the documents that may be consulted under the modified categorical approach signify which section of Texas Penal Code 19.02 formed the basis for the conviction. So, looking at the statute, this court is required to assume that the least culpable conduct formed the basis of the conviction. That is § 19.02(b)(2) which is broader than 18 USC § 1111, and is therefore not the same as "murder" contemplated undewr 18 USC § 1959.

### This Crime Was Adjudicated In The State As An Assault

There is another layer that must be considered. The De la Garza crime was acttually adjudicated in the State. There, petitioner plead guilty to "assault" not murder. So when applying the modified categorical approach, and looking at the documents that formed the basis of this conviction, the only section of the murder statute that closely mirrors what petitioner actually plead guilty to is Section 19.02.(b)(2),as that section reads "Intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual."

- 5 -

The Section of 18 USC § 1959 that Texas Penal Code § 19.02(b)(2) actually correasponds with is § 1959(a)(3). That section reads:

> "(3) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both;"

In light of the above, petitioner's sentence under 18 USC § 1959 clearly must be dismissed becuase petitioner's conviction under Texas Penal Code 19.02(b)(2) is broader than "murder as contemplated in 18 USC § 1111 and is therefore broader than "murder" under 18 USC § 1959. In the alternative, petitioner should be re-sentenced under 18 USC § 1959(a)(3), instead of § 1959(a)(1), and his sentence should be reduced to twenty years or less, instead of the present life sentence and petitioner's trial and appellate counsel(s) were ineffective for failing to use their "skill and knowledge" (see <u>Strickland</u>), to raise this critical issue since all of the case law necessary to support the arguments herein was available to both trial and appellate counsel.

Petitioner want to be clear that even though his argument above focuses on Tex. Penal Code § 19.02(b)(2), in actuallity, **none** of the three sections of the Texas statute require the essential element "malice afterthought." The key element that separates first and second degree murder is premeditation. In other words, first degree murder under § 1111 requires "both" <u>malice afroethought</u> and <u>premeditation</u> . See <u>United States v. Delaney</u>, 717 F.3d 553, 556 (7th Cir. 2013)("The only difference between the two degrees of murder, sharing as they do the requirement that the murderer have acted with "malice aforethought" is ... that a first degree murder ... must be premeditated.'" Now since "malice aforethought is not required under any section of Texas Penal Code 19.02, that means that when the Texas legislature says the word "murder," they mean something altogether different then when the term "murder" is used by the U.S. Congress. This is the same situation faced by the Supreme Court in <u>Descamps</u>. There, the defendant proved that when the California legislature said "burglary," it had a different meaning than when "burglary" was said by Congress, and that California's definition of "burglary" was broader.

To show the above, petitioner will address each section of § 19.02. First, 19.02(b)(1) states: "A person commits an offense if he: intentioanlly or knowingly causes the death of an individial." This Texas statute is substantially similar to the New York murder statute (N.Y. Penal Law § 125.25(1)) that the Supreme Court analyized in <u>Patterson v. New York</u>, 432 U.S. 197, 53 L. Ed 2d 281, 97 S. Ct. 2319 (1977). The New York state law states "A person is guilty of murder in the second

degree when, with the intent to cause the death of a person, he causes the death of such person or a third person." The Supreme Court noted that:

> "In New York, there are two elements of this crime (1) "intent toi cause the death of another person"; and (2) caus[ing] the death of such person or of a third person." N.Y. Penal Law § 125.25 (McKinny) 1975). **Malice aforethought is not an element of the crime.**"

The same is true of Texas Statute 19.02(b)(1), under that subsection, whether a person either "intentionally" causes the death of another individual, or he "Knowingly" does so, are "alternative means" of violating this particular section, but neither requires "malice aforethought." And, one of those means, i.e. "knowingly" causing the death of an individual, does not require either "intent," "Premeditation," or "malice aforethought." Therefore, this section "sweeps more broadly" then "generic murder," or 18 USC § 1111, and is not a categorical match.

The same is true of § 19.02(b)(2), but that section has a bigger problem. That is that it does not require either an intent to kill, or an intent to commit any of the other crimes that are enumerated in 18 USC § 1111. That subsection simply states: "(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." This, in addition to not requiring "malice afroethought," has a mens rea of reclessness, making this section inapplicable.

The final section of Tex. Penal Code § 19.02 is subsection 3, which reads:

> "(3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherence of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual."

This section fares no better than the first two. This is simply because it covers deaths that result from the commission of "any felony." Section 1111 on the other hand, only covers deaths that result from the commission of certain felonies that are explicitly listed in the statute. Additionally, under Mathis, both deaths that occur "in the immediate flight from the commission or attempt," of any felony, and "committing or attempting to commit an act clearly dangerous to human life," are "alternative means" of committng the offense and, just like subsection (2), only requires a means rea of recklessness. Therefore, in light of the above, no subsection of Tex. Penal Code § 19.02 is a categorical match to either "generic" murder, or to 18 USC § 1111 (the codification of generic murder). All sections "sweep more broadly" than the federal generic crime, and therefore a Texas "murder"

can not be used as the "murder" contemplated in 18 USC § 1959, and this court should so find.

## CONCLUSION AND RELIEF SOUGHT

This Court has the jurisdiction and power to correct the critical errors set forth herein under § 2255, and dismiss the § 1959 counts, correct the sentence, and/o find that this petitioner received ineffective assistance of counsel, both from his trial and appellate attorney(s). If this court should find such, petitioner sak that this court appoint new counsel and grant petitioner a new trial, or in the event that this finds that only appellate counsel rendered ineffective assistance, appoint new counsel that can raise these arguments in the Court of appeal.

Lastly, petitioner prays that this court will grant any additional relief that the Court deems just and proper.

Respectfully Submitted:

Cristobal Velasquez, pro-se
Reg. No. 83734-280
U.S. Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY 42635

## CERTIFICATE OF SERVICE

I certify that I have placed a copy of this Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 USC § 2255 in the Legal Mail here at USP McCreary, for delivery by the U.S. Postal Service, to the U.S. District Court for the Western District of Texas, in a sealed envelope, with postage pre-paid on this _9_, day of July, 2018.

Cristobal Velasquez

- 8 -

