FILED

FEB 2 2 2021

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

## United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

February 12, 2021

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

 No. 20-51003  USA v. Velasquez
      USDC No. 2:18-CV-46

2:11-CR-1781(03) ✓

Enclosed is an order entered in this case.

        Sincerely,

        LYLE W. CAYCE, Clerk

        By: _____
        Laney L. Lampard, Deputy Clerk
        504-310-7652

Ms. Jeannette Clack
Mr. Joseph H. Gay Jr.
Mr. Cristobal Velasquez

# United States Court of Appeals
# for the Fifth Circuit

---

No. 20-51003

---

United States of America,

*Plaintiff—Appellee,*

*versus*

Cristobal Velasquez,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CV-46

---

Before Jones, Elrod, and Higginson, *Circuit Judges.*

Per Curiam:*

    This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2107(b) and Federal Rule of Appellate Procedure 4(a)(1)(B), the notice of appeal in a civil action in which the United States is a party must be filed within sixty days of entry of the

No. 20-51003

judgment or order from which appeal is taken. A motion brought under 28 U.S.C. § 2255 is a civil action to which the sixty-day appeal period applies. *United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988).

In this 28 U.S.C. § 2255 proceeding, the final judgment was entered and certificate of appealability was granted on January 23, 2020. Accordingly, the final day for filing a timely notice of appeal was March 23, 2020. The defendant's pro se notice of appeal is dated November 22, 2020, and it was filed on December 3, 2020. Because the notice of appeal is dated November 22, 2020, it could not have been deposited in the prison's mail system within the prescribed time. *See* FED. R. APP. P. 4(c)(1) (prisoner's pro se notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing). When set by statute, the time limitation for filing a notice of appeal in a civil case is jurisdictional. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The lack of a timely notice mandates dismissal of the appeal. *United States v. Garcia-Machado*, 845 F.2d 492, 493 (5th Cir. 1988). Accordingly, the appeal is DISMISSED for want of jurisdiction.