THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
DEC 1 2022
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff, § <br> v. § <br> § <br> CRISTOBAL VELASQUEZ, § <br> Defendant. § <br> § | Cause No. <br> DR-11-CR-01781-AM-3 |

## ORDER

Pending before the Court is the Defendant's Motion to Reduce Sentence. (ECF No. 1419.) This Court has duly considered the Defendant's motion, the supporting documentation, as well as the Government's response. (ECF No. 1426.) For the following reasons, the Defendant's Motion is **DENIED**.

### I.   BACKGROUND

On July 01, 2013, the Defendant was found guilty by jury verdict to Counts One, Three, and Four of the Superseding Indictment: (1) Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering, in violation of 18 U.S.C. § 1962(d), (3) Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5), and (4) Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1)-(2). (ECF No. 766 at 1-2.) On November 30, 2015, this Court sentenced the Defendant to life imprisonment on each of Counts One and Four to be served concurrently—with credit for time served through sentencing—followed by 5 years of supervised release. (ECF No. 1153 at 2.) Additionally, this Court sentenced the Defendant to 120 months imprisonment on Count 3 to be served concurrently—with credit for time served through sentencing—followed by 3 years of supervised release. (*Id.*)

## II. ANALYSIS

### A. Availability of Relief

The First Step Act of 2018 ("FSA") states that courts: "*may not* modify a term of imprisonment once it has been imposed *except*" by motion of the Director of the Bureau of Prisons, or by motion of the defendant after he has "fully exhausted all administrative rights to appeal or a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a requests by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

The Defendant filed the instant motion on October 3, 2022. (ECF No. 1419.) The Defendant's request for administrative relief was denied by the warden of his facility on August 24, 2022. (ECF No. 1419-1.) Since 30 days have lapsed since the receipt of the request by the warden of the Defendant's facility, the Defendant has met the requirement to properly bring a claim under 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

The First Step Act further states that the court may order a sentence reduction, "[A]fter considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

With respect to what constitutes, "extraordinary and compelling reasons," The Commission offers several potential circumstances. First, and most relevant, is a medical condition in which a "defendant is suffering from a terminal illness . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional

facility and from which he . . . is not expected to recover." USSG §1B1.13 cmt. n. 1 (U.S. SENTENCING COMM'N 2018.)[1] The Commission clarifies that a terminal illness is one where there is a "serious and advanced illness with an end of life trajectory"; however, "a specific prognosis of life expectancy (i.e. probability of death within a specific time period) is not required." (*Id.*) One such example would be an "end-stage organ disease." (*Id.*)

The Defendant bases his request for compassionate release over the concerns of contracting COVID-19. (ECF No. 1419.) The Defendant has stated that the Bureau of Prisons has not followed its COVID-19 guidelines during the COVID-19 pandemic. (*Id.*). Yet, the Defendant has not proffered any evidence demonstrating that Bureau of Prisons has violated any guidelines. (*Id.* at 6-7.) Further, the Defendant has not cited any medical conditions that would put him at extreme risk should he contract COVID-19. (*Id.*) The Defendant is also fully vaccinated against COVID-19. (ECF No. 1426-1 at 21.) However, the threat of contracting COVID-19 alone does not establish an extraordinary and compelling reason for a sentence reduction. *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021). Therefore, the Defendant fails to meet the requirements for "extraordinary and compelling reasons" for compassionate release.

C. *18 U.S.C. § 3553(a) Factors*

Section 3553(a) provides several factors courts must weigh when imposing a sentence and are also required consideration to grant a reduction of sentence under section 3582(c) to the extent they are applicable. The applicable sentencing factors for the court to consider are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—

---

[1] While the commentary to § 1B1.13 is not dispositive, it may inform the Court's analysis as to what reasons may be sufficiently "extraordinary and compelling" to merit compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that neither the policy statement nor the commentary in § 1B1.13 are binding on a district court when addressing a prisoner's own motion under section 3582(c)(1)(A)).

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant.

18 U.S.C. § 3553(a).

The Defendant received a sentence of two terms of life imprisonment and an additional term of 120 months (ECF No. 1133). The Defendant was a member of the Texas Syndicate, a prison gang with a known pattern of racketeering. (ECF No. 1426 at 2.) At sentencing, the Defendant was held accountable for committing murder in aid of racketeering, conspiracy to commit murder in aid of racketeering, and conspiracy to conduct the affairs of an enterprise through a pattern of racketeering. (ECF No. 1133.) The Defendant now states he is working towards bettering himself and has been taking GED classes while incarcerated. The Court is pleased to see the Defendant working towards becoming a productive member of society. However, the Defendant has failed to demonstrate a reduction in his sentence would protect the community from further crimes of the Defendant, provide just punishment for the offense committed, or afford adequate deterrence to criminal conduct. Therefore, the § 3553 factors do not weigh in favor of a sentence reduction.

### III. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Reduce Sentence (ECF No. 1419) is **DENIED**.

SIGNED and ENTERED on this ___1st___ day of December, 2022.

ALIA MOSES
Chief United States District Judge